UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CARPENTER,

        Plaintiff,

v.

        Case No. 11-CV-10304

        HON. GEORGE CARAM STEEH

CITY OF FLINT, JACKIE POPLAR,
Individually and in her capacity
as City Council President, and
DAYNE WALLING, Individually,

        Defendants.

_____/

ORDER DISMISSING CASE

This action was brought by plaintiff John Carpenter against defendants City of Flint, Flint Mayor Dayne Walling, and Flint City Council President Jackie Poplar, for claims relating to the termination of his employment as Director of Transportation for the City of Flint. Defendants have twice filed a motion to strike or, in the alternative, for a more definite statement. After the first motion, the parties agreed that plaintiff could file a first amended complaint. On May 20, 2011, plaintiff manually filed an amended complaint in violation of Local Rule 5.1.1, which requires electronic filing. A notice of failure to comply with Local Rule 5.1.1 was issued on the same day. The notice quotes Local Rule 5.1.1, which provides that papers must be filed electronically, and Local Rule 11.1, which provides for sanctions for failure to comply with the Local Rules. The notice states "**[s]anctions may be imposed if additional violations occur after this date.**" (Emphasis in original.)

As defendants believed the first amended complaint was still noncompliant with the pleading requirements, they filed a second motion to strike or for a more definite statement

on June 2, 2011. In the second motion, defendants also sought sanctions of $1,000.

The deadline for filing a response passed and plaintiff failed to file a response. Therefore, on July 5, 2011, the court issued an order to show cause as to why plaintiff's complaint should not be stricken and this case should not be dismissed as plaintiff failed to file a response to defendants' motion to strike/motion for a more definite statement.

On July 11, 2011, plaintiff filed a response to the motion to strike but failed to provide a reason for the delay in filing the response. In addition, the response was again filed manually, in violation of Local Rule 5.1.1. On July 11, 2011, the court issued a second notice of failure to comply with Local Rule 5.1.1. The notice quotes Local Rule 5.1.1, which provides that papers must be filed electronically, and Local Rule 11.1, which provides for sanctions for failure to comply with the Local Rules. The notice states "**[s]anctions may be imposed if additional violations occur after this date.**" (Emphasis in original.)

On October 5, 2011, the court issued another order to show cause requesting that plaintiff show cause as to why this action should not be dismissed because of plaintiff's failure to comply with the Local Rules and failure to timely file a response to the motion to strike/motion for a more definite statement.

On October 14, 2011, plaintiff filed a response to the October 5, 2011 order to show cause. Plaintiff's response explains that technical issues, office space issues, and family medical issues delayed counsel's compliance with the e-filing requirements. Plaintiff's October 14, 2011 response is single-spaced, in violation of Local Rule 5.1(2).

In an October 17, 2011 order, the court allowed the October 14, 2011 response to stand and dismissed the orders to show cause but "warn[ed] plaintiff that future failure to comply with the Local Rules will not be tolerated." (Emphasis in original.)

The court denied defendant's motion to strike or for more definite statement without prejudice as it did not "point out the defects complained of and the details desired" as required by Rule 12(e) or identify the "redundant, immaterial, impertinent, or scandalous matter" the court should strike as provided in Rule 12(f). The order denying the motion was entered on February 15, 2012. After nothing was filed <u>for more than five months</u>, the court issued an order requiring plaintiff to show cause why the case should not be dismissed for failure to prosecute.

In responding to the order to show cause, plaintiff attempts to place the blame on defendants. On February 27, 2012, defendants sent plaintiff a letter detailing the problems with plaintiff's first amended complaint. The letter requested that plaintiff stipulate to file a second amended complaint addressing the issues raised by defendants and set a deadline of March 9, 2012 to confer on the matter. The letter stated that if defendants did not hear from plaintiff by March 9, 2012, they would file a motion to strike. Apparently the parties agreed to stipulate to the filing of the second amended complaint, but the details of that agreement were not properly arranged. Plaintiff argues defendants were dilatory in not getting the stipulation on file. However, plaintiff did not take any action (either before or after the court issued an order to show cause) to move the case along. While plaintiff argues he could not file a stipulation without approval from defendants, he clearly could have filed a motion for leave to amend with the court when the stipulation process stalled.

In addition, defendants represent that "Plaintiff's counsel has not once emailed Defendant's counsel with a proposed stipulation of his own for consideration, and has made no attempt at a draft of a Second Amended Complaint, though he clearly recognizes the need for this action in this case." Plaintiff does not attach a proposed second amended complaint to his response or surreply. Instead, he attaches a proposed order allowing him

30 days after entry of the court's order to file the second amended complaint. The proposed order provides that the second amended complaint would address deficiencies in 20 paragraphs of the first amended complaint, dismiss one count, clarify two other counts, and preserve another count which defendants believe should be dismissed.

It is utterly perplexing that Plaintiff's response and surreply to the order to show cause are again single-spaced, in violation of Local Rule 5.1(2). This court's October 17, 2011 order specifically notified plaintiff of this Local Rule, made an exception for the October 14, 2011 filing, and warned plaintiff that future failure to comply would not be tolerated. Plaintiff has repeatedly failed to comply with the Local Rules and with the orders of this court. Plaintiff has also failed to take appropriate actions to pursue the claims asserted in this case, by diligently pursuing the amendments requested by defendants or by seeking a default judgment or fighting a motion to strike if he felt that his first amended complaint was compliant. Instead, even after the court's third order to show cause, he fails to take appropriate action. Because of plaintiff's repeated violations and his failure to push this case forward in any meaningful way,

IT IS HEREBY ORDERED that plaintiff's first amended complaint is DISMISSED. IT IS SO ORDERED.

Dated: August 28, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 28, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk