UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CARPENTER,

    Plaintiff,

v.

CASE NO. 11-CV-10304
HONORABLE GEORGE CARAM STEEH

CITY OF FLINT and
JACKIE POPLAR,

    Defendants.

                                      /

**OPINION AND ORDER GRANTING THE CITY
OF FLINT'S MOTION TO DISMISS (Doc. 35)**

This 42 U.S.C. § 1983 suit arises out of plaintiff's termination from his at-will position as director of transportation for the City of Flint, a position for which he served "at the pleasure of the mayor." Now before the court is the City of Flint's ("City") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff John Carpenter has not responded to the motion, despite the entry of a stipulated order extending the time for his response, and the time period for doing so has expired. This matter was set for oral argument on March 3, 2014. In light of the fact that the motion is unopposed, argument shall be dispensed with pursuant to Local Rule 7.1(f)(2), and the court shall decide the matter based on the submissions. For the reasons set forth below, the court shall grant the City's motion to dismiss Carpenter's § 1983 claims.

**I. Factual Background**

Flint Mayor Don Williamson appointed Carpenter to the position of director of transportation in December, 2006, and the appointment was approved by the Flint City

Council. In 2009, a new Mayor, Dayne Walling, took office. In September, 2009, Walling removed Carpenter from his position as was his prerogative under the City's Charter which provides: "[t]he head of each department shall be appointed by the Mayor in accordance with law and with the approval of the City Council and shall serve at the pleasure of the Mayor." (Doc. 35, Ex. 2 at § 4-203(C)).[1] Although the City Charter required Council approval for mayoral *appointments* of department heads, no such approval was required before the Mayor could *terminate* a department head. By contrast, when the City Administrator served in the capacity of Temporary Mayor, the Charter specifically provides that "[a]ppointees of the Mayor may not be removed by the City Administrator serving in the capacity of Temporary Mayor without the concurrence of the City Council." Id. at § 2-411(C). No such proviso is set forth in the City Charter requiring Council approval for the termination of department heads by the elected Mayor.

After Mayor Don Williamson left office, Mike Brown acted as the temporary Mayor. (Second Amended Complaint, ¶ 7). Carpenter alleges that during Brown's tenure, he hired Tom McCabe to share Carpenter's job duties without Council approval. Id. at ¶ 15. Carpenter alleges that creating the new position for McCabe was a pretext designed to circumvent rules requiring City Council approval for appointments of City officials. Id. at ¶ 18. According to the Second Amended Complaint, Carpenter was discharged in September, 2009 when new Mayor Dayne Walling was in office. Id. at ¶ 8. Carpenter alleges that he was terminated based on his political affiliation with the former Mayor, his

---

[1]The court has considered the City Charter as a matter not outside the pleadings because plaintiff references the City Charter in his Second Amended Complaint and it is central to his claims. Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

age, and defendant City Council president Jackie Poplar's desire to name her cousin to the position. Carpenter also alleges that on December 8, 2010 at a City Council finance committee meeting, and a December 13, 2010 open City Council meeting telecast on the local cable government access channel, Poplar falsely denigrated his character, credentials, and experience. Plaintiff's Second Amended Complaint sets forth six counts: (1) defamation/libel per se against Poplar, (2) invasion of privacy/"false light" against Poplar, (3) deprivation of due process liberty interests against all defendants, (4) deprivation of substantive due process against all defendants, (5) deprivation of equal protection against all defendants, and (6) gross negligence per se against all defendants. Although Carpenter does not state the statutory basis for counts three through five, which allege constitutional deprivations, the City has analyzed them as § 1983 claims and the court agrees with that characterization.

Carpenter has a history of failing to comply with the Local Rules of this court. Based on his failure to file a complaint and other papers in compliance with the Local Rules, and on his failure to prosecute, this court dismissed his Amended Complaint in 2012. On appeal, the Sixth Circuit reversed and remanded because the sanction was too harsh. Upon remand, plaintiff filed a Second Amended Complaint. The City has moved to dismiss the federal § 1983 claims for (1) Carpenter's failure to allege a municipal policy caused the alleged constitutional violations; (2) Carpenter had no property interest in continued employment but served at the pleasure of the Mayor, and (3) Carpenter has failed to plead any substantive due process or equal protection violations. The City has not moved to dismiss Carpenter's state law claim of gross negligence. For the reasons discussed below, the City's motion to dismiss as to the § 1983 claims shall be granted.

-3-

## II. Standard of Law

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (*citing Bell Atlantic*, 550 U.S. at 555).

## III. Analysis

**A.     Carpenter Has Failed to Plead an Unconstitutional City Policy or Custom.**

For the City to be liable under 42 U.S.C. § 1983, for either the deprivation of a protected property interest or violation of procedural due process, plaintiff must show that the alleged injuries were inflicted pursuant to a governmental custom, policy or practice. To prove municipal liability under § 1983, plaintiff must prove two elements: (1) that a constitutional violation occurred; and (2) that the City is responsible for that violation.

Graham v. County of Washtenaw, 358 F.3d 377, 383 (6th Cir. 2004); Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Plaintiff must identify the policy, and connect the injury to the execution of the policy by the municipality. Graham, 358 F.3d at 383. In his Second Amended Complaint, Carpenter has not alleged any governmental policy to have caused the deprivation of any constitutional rights. Accordingly, Carpenter's § 1983 claims against the City shall be dismissed. Even if plaintiff had alleged a municipal policy or custom, such a claim would fail because Carpenter has failed to plead the deprivation of any constitutional right.

**B.     Carpenter Has Failed to Plead a Constitutional Due Process Violation.**

Plaintiff's federal constitutional due process claim depends on him having a property right in continued employment. To establish a due process claim, plaintiff must allege "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the [municipality] did not afford him adequate procedural rights prior to depriving him of the property interest." Waeschle v. Dragovic, 576 F.3d 539, 544 (6th Cir. 2009) (internal citations omitted). "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 565 (6th Cir. 2004).

Carpenter has failed to plead that he had a liberty or property interest in continued public employment. The City Charter expressly provides that City department heads serve at the pleasure of the Mayor. (Doc. 35, Ex. 2 at § 4-203(C)). A public employee does not

have a protected property interest in his continued employment if he is an employee at-will. Chilingirian v. Boris, 882 F.2d 200, 203 (6th Cir. 1989).  The Supreme Court has recognized that "an at-will government employee. . . generally has no claim based on the Constitution at all."  Waters v. Churchill, 511 U.S. 661, 679 (1994).  According to the Second Amended Complaint, plaintiff was terminated in September, 2009 while elected Mayor Walling was in office.  (Second Amended Complaint at ¶ 8).  While the City Charter provides that the City Administrator, acting as the temporary Mayor, lacked the authority to terminate department heads without Council approval, the elected Mayor clearly had such power under the City Charter.  (Doc. 35, Ex. 2 at § 4-203(C)).  Accordingly, Carpenter's due process claim against the City shall be dismissed.

**C.   Carpenter Has Failed to Plead a Violation of his Substantive Due Process Rights.**

In addition to his procedural due process claim, Carpenter also alleges a violation of his substantive due process rights.  The Sixth Circuit has held that "the Fourteenth Amendment has a substantive due process component that protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action."  Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1350 (6th Cir. 1992) (internal quotations and citation omitted).  The Sixth Circuit has ruled, however, that a public employee's statutory interest to be discharged only for just cause is *not* a fundamental interest protected by substantive due process.  Id.  Where, as here, plaintiff is an at-will employee, it is obvious that substantive due process rights are not implicated.

**D.      Carpenter Has Failed to Plead a Violation of His Equal Protection Rights.**

Finally, the court considers the City's motion to dismiss Carpenter's claim that the City has violated his right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In order to prove an equal protection violation, plaintiff must show "discrimination by the government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." TriHealth, Inc. v. Bd. of Comm'rs,, 430 F.3d 783 (6th Cir. 2005). Carpenter has not alleged the violation of any fundamental right nor is he a member of a suspect class. That leaves Carpenter with only the third possibility for prevailing on an equal protection claim, which has been coined the "class-of-one" theory. Under that theory, the plaintiff must prove that the City, acting under color of state law, treated him differently from others similarly situated without rational basis. Id. The Supreme Court has held, however, that the "class-of-one" theory of discrimination in violation of equal protection does not apply in the at-will public employment context, lest every employment decision become a constitutional matter. Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591, 598 (2008). To the extent the Second Amended Complaint pleads that Carpenter's equal protection rights have been violated because defendant Poplar allegedly made false statements about Carpenter's credentials and professional capabilities (Complaint, ¶44), such allegations also fail to support an equal protection claim. Accordingly, Carpenter has failed to plead any constitutional deprivation of his equal protection rights.

-7-

**E.	Supplemental State Law Claim**

The City has not moved for dismissal of Carpenter's state law gross negligence claim (Count 6). A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all of the claims for which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Musson Theatrical v. Federal Express Corp., 89 F.3d 1244, 1254-55(6th Cir. 1996). The City's motion did not address Carpenter's state law claim of gross negligence, and while plaintiff's state law claims may be remanded to the Circuit Court of Genesee County upon the dismissal of all Carpenter's federal claims, because Carpenter's state and federal claims against non-moving defendant Jackie Poplar remain pending, this court does not remand Carpenter's state law claim against the City at this time.

### IV. Conclusion

For the reasons stated above, the City's motion to dismiss (Doc. 35) is GRANTED and Counts 3 4, 5 are DISMISSED WITH PREJUDICE as to defendant City only.

**IT IS SO ORDERED**.

Dated:  February 18, 2014

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 18, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk